(21 App. Div. 581.)

## KOLSCH v. JEWELL.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

BREACH OF MARRIAGE PROMISE—DAMAGES.

In an action to recover damages for a breach of promise of marriage, it appeared that plaintiff was employed as a sewing-machine teacher, and defendant was employed at a salary of $30 a week. There was evidence that, under promise of marriage, defendant had seduced the plaintiff. *Held*, that a verdict for $7,500 was excessive, and that judgment for plaintiff should be reversed unless plaintiff should consent to a reduction to $2,500.

Appeal from trial term.

Action by Margaret A. Kolsch against George H. Jewell. From a judgment entered on the verdict of a jury, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Alfred Steckler, for appellant.

T. M. Tyng, for respondent.

INGRAHAM, J. This action is for a breach of promise of marriage, tried before a jury, by whom a verdict was rendered in favor of the plaintiff for $7,500. There was no exception taken upon the trial, either to the ruling upon the evidence or to the charge of the court. No request to charge was made by the defendant; no motion was made for judgment or to dismiss the complaint; and the decision of the jury upon the question is final. There was evidence clearly sufficient to sustain the verdict. The defendant, however, made a motion for a new trial, and appealed from an order denying that motion.

The only question that we deem necessary to discuss is as to the claim that the verdict was excessive. The plaintiff was employed as a sewing-machine teacher by the Singer Manufacturing Company. The defendant is in the employ of his father, receiving a salary of $30 a week. The position of the parties, the pecuniary resources of the defendant, and the advantages which would have accrued to the plaintiff by this marriage, are not such as would justify the allowance of such a sum as damages for a breach of a contract to marry. There was evidence, however, that, under this promise of marriage, the defendant had seduced the plaintiff; and the conduct of the defendant at the trial was such as would justify the jury in considering it in aggravation of damages. Considering the whole case, the situation of the parties, their methods of life, and the conditions under which they lived, we think the verdict is excessive, and should not be allowed to stand. For this reason the judgment is reversed, and a new trial ordered, unless the plaintiff will consent to reduce the verdict to the sum of $2,500. If such consent is filed, the judgment is reduced to that amount, and, as so modified, affirmed, without costs to either party upon this appeal. All concur.